**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 19-1516

———————

UNITED STATES OF AMERICA

v.

ANDRE SAUNDERS,
                                            Appellant

———————————————————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-15-cr-00203-001)
District Judge:  Honorable Arthur J. Schwab

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2020

Before: JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 6, 2020)

———————

OPINION[*]

———————

PER CURIAM

        Andre Saunders appeals the District Court's preliminary order of forfeiture of a

substitute asset.  For the reasons below, we will affirm the District Court's order.

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In February 2016, Saunders pleaded guilty to conspiracy to distribute heroin and cocaine.  In his plea agreement he agreed to forfeit several items of property and, at issue here, a money judgment of $100,000.  He agreed that the Government could seize substitute assets pursuant to 21 U.S.C. § 853(p).  Saunders also waived his right to appeal his conviction or sentence, except under conditions not present here.

In 2017, the Government filed a motion for preliminary order of substitute assets, seeking to seize over $10,000 in Saunders's prison account.  Saunders appealed the resulting preliminary order of forfeiture.  We remanded the matter on the Government's motion to allow the District Court to make the required factual findings for forfeiting substitute assets.  See C.A. No. 17-3342.  After supplemental briefing, the District Court entered a preliminary order of forfeiture of substitute assets, having determined that the proceeds of Saunders's drug trafficking could not be located despite the exercise of due diligence.  Saunders filed a timely notice of appeal.

Saunders first argues that the District Court committed plain error when it imposed a criminal forfeiture money judgment.  Saunders, however, admits that as part of his plea agreement, he agreed to forfeit $100,000 including substitute assets if the Government could not locate the proceeds of his crimes with the exercise of due diligence.  Supp. App. at 61-62.  His plea agreement also included a waiver of his right to appeal his sentence, which includes the criminal money judgment.  Supp. App. at 63.  Moreover, as noted by the Government, any appeal of the July 2016 Final Order of Forfeiture would now be time-barred.  See Fed. R. App. P. 4(b)(1)(A)(i).

Citing Honeycutt v. United States, 137 S. Ct. 1626 (2017), Saunders contends that the District Court should have determined the amount of the proceeds to be forfeited. He also asserts that the Honeycutt decision renders his plea agreement and the appeal waiver unknowing and not voluntary only with respect to the issue of the money judgment. However, in Honeycutt, the defendant did not agree to the forfeiture as part of a plea agreement; thus, its holding is not applicable here. Moreover, Saunders cannot keep the generous benefits of the plea agreement and challenge only the provisions he does not like. Furthermore, as noted above, he agreed both to the money judgment and that the Government could seek to forfeit substitute assets.

Saunders argues that the District Court erred as a matter of law in entering a preliminary order of forfeiture of a substitute asset. Under 21 U.S.C. § 853(p), the Government may seize any property of the defendant even if it is not tainted, i.e., derived from the offense. Such substitute property may be seized if, as a result of an act or omission by the defendant, the tainted property cannot be located despite the exercise of due diligence. Id. The Government submitted an affidavit from an agent who worked on the financial aspects of the investigation of Saunders. The agent stated that he and other agents attempted to locate the proceeds of Saunders's drug trafficking using surveillance, witness interviews, and review of financial documents. He indicated that Saunders laundered the proceeds of his drug trafficking and that the amount of proceeds not recovered exceeded $100,000. Supp. App. at 91. The District Court determined that the Government had met its burden of showing that despite the Government's due diligence

3

during its investigation into Saunders's drug trafficking, it could not locate forfeitable property as a result of Saunders's various methods of laundering the proceeds.

Saunders contends that the District Court did not establish a sufficient nexus between the forfeited property and the proceeds from Saunders's criminal activity. However, such a nexus is not required when forfeiting substitute assets. See § 853(p)(2)(court shall order forfeiture of any other property of the defendant). He also asserts that the affidavits submitted to the District Court do not support a finding that the proceeds could not be located. However, the affidavits do support such a finding. Saunders does not dispute any specific statements in the affidavits.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's February 20, 2019 order.